**Elio BENVENUTO, Plaintiff,**

v.

**Bruce G. BARBER, District Director, Immigration and Naturalization Service, San Francisco, California, Defendant.**

**Civ. No. 35104.**

United States District Court
N. D. California, S. D.
Dec. 20, 1957.

**576**

Chauncey McKeever, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

GOODMAN, District Judge.

Petitioner, an Italian national admitted to the United States for permanent residence on March 29, 1948, seeks review of an order of the Immigration and Naturalization Service declaring him deportable and granting him the privilege of voluntary departure. An adequate statement of the factual background of this cause is essential to consideration of the issue tendered by the petition for review.

Petitioner was born January 7, 1914 in the town of Pietrasanta, Italy, where his father was a sculptor and artist. After completing his elementary education, petitioner studied art in Genoa. In 1935–36 he served for a period of eight months in the Italian Army. Except for this period of military service and the years he was away at art school, he resided continually in Pietrasanta and worked as a sculptor with his father. In June 1940 he married an American citizen of Italian descent who was then living in Italy. That same month he was recalled to duty in the Italian Army and served during World War II until the collapse of the Italian Forces in September, 1943. He then returned to Pietrasanta and went with his family to live in a nearby village in the mountains until the area was freed from German occupation in late 1944. During this period of German occupation, he assisted the Italian Committee for National Liberation and was later cited as a patriot by the Italian Government for these services. When American forces reached Pietrasanta in late 1944, petitioner returned there with his family. The city had been heavily damaged by bombing and remained under shell fire for several months thereafter. In the spring of 1945, petitioner was chosen acting mayor of Pietrasanta by a small committee of citizens. He acted as mayor for approximately a year until an election could be held. As acting mayor he devoted his full time and efforts to the rebuilding of the city. While serving as mayor he accepted a membership in the local division of the Italian Communist Party which was actively assisting in the reconstruction of the city. After completing his period of service as mayor, he allowed his membership in the Communist Party to lapse. Following his term as mayor, petitioner resumed his sculpturing. In 1946 his wife and young daughter went to the United States and in the spring of 1948, upon obtaining his immigration visa, he came here to join them. Since coming to the United States, petitioner has resided in San Francisco with his wife and daughter and is working as a sculptor.

Petitioner was found to be deportable after a hearing before a special inquiry officer of the Immigration and Naturali-

zation Service at which he was present and testified freely. He was found deportable on two grounds: (1) That at the time of entry he was a member of one of the excludable classes of aliens, to wit, an alien who had been a member of the Communist Party of a foreign state; and (2) That at the time of entry he was an immigrant not entitled to enter because his immigration visa had been secured by fraud. The privilege of voluntary departure was granted upon the finding by the special inquiry officer that there was no evidence that petitioner had been arrested or connected with any subversive activities in the United States and that it appeared that he had been a person of good moral character for at least the past seven years. Upon appeal, the findings and order of the special inquiry officer were affirmed by the Board of Immigration Appeals. Thereafter a petition for rehearing was filed. Upon the rehearing, the Board reaffirmed the order solely on the basis of the finding that petitioner's immigration visa had been obtained by fraud, and set aside the finding that at the time of entry he was excludable as a former member of the Communist Party of Italy. This action was taken by the Board in belated recognition of the fact that at the time of petitioner's entry into the United States in 1948 the immigration statutes [1] did not make past membership in the Communist Party of a foreign state per se a ground for exclusion, but only past membership in an organization which advocated the overthrow of the Government of the United States by force and violence. The Board found no evidence in the record that the Communist Party of Italy, during the brief period of petitioner's membership, was an organization which advocated the overthrow of the Government of the United States by force and violence.

The sole issue upon this review thus is whether the record sustains the finding and conclusion that petitioner's immigration visa was obtained by fraud.

This finding and conclusion was based by the special inquiry officer upon petitioner's admitted nominal past membership in the Italian Communist Party and the fact that there appears on his application for the visa a negative answer to the question: "Are you, or have you ever been, a member of or affiliated with the Communist party in any country?" This question was not a part of the regular printed form of visa applications, but was typewritten on the face of the printed form. The application form was not completed by petitioner, himself, but was filled in by a typist in the consul's office.

At the hearing before the special inquiry officer, petitioner denied that he had been specifically asked whether he had ever been a member of the Communist Party by the person who completed his application. The special inquiry officer stated in his findings that petitioner's unsupported self-serving denial was insufficient to rebut the presumption of regularity attaching to the document. However, petitioner's denial would clearly be sufficient to rebut any such presumption if it were accepted as truthful. And, the finding by the special inquiry officer that petitioner was of good moral character is inconsistent with any conclusion on his part that petitioner perjured himself at his hearing.

But, even assuming that petitioner did in fact give the negative answer to the question concerning past membership in the Communist Party, the evidence does not support the conclusion that he was thereby guilty of fraud. The typewritten question concerning past membership in the Communist Party appears on the visa application immediately following the printed list of excludable classes of aliens and the printed statement that the classes and their exceptions had been explained to the applicant and that he was not a member of any of such classes of aliens. If it is assumed, by reason of the same presumption of regularity relied upon by the special in-

---

1. Act of October 16, 1918, 40 Stat. 1012, as amended by the Act of June 28, 1940, 54 Stat. 673; 8 U.S.C. § 137 (1940 Ed.) now 8 U.S.C.A. § 1182(a).

quiry officer, that the classes of excludable aliens and their exceptions were properly explained to petitioner, his negative answer to the question concerning past membership in the Communist Party was made in the light of the knowledge that the *only relevant inquiry was whether he had been a member of an organization which advocated the overthrow of the Government of the United States by force and violence.*[2]

In short, we have a record which discloses that petitioner, a man admittedly of good moral character at all pertinent times, briefly and nominally held membership in the Italian Communist Party at a time when it functioned freely and openly in an area under the control of the United States Military forces. He was mayor of a small town at the time and helped to rebuild it. In the application for visa, petitioner affirmatively represented and swore that he did not and had not belonged to any organization advocating the overthrow of our Government by force and violence. There is no evidence of any kind that petitioner regarded or had any reason to believe that the Italian Communist Party was such an organization. And in fact the Immigration Board of Appeals held that there was no evidence that it was such an organization. The record here, therefore, is devoid of any evidence that petitioner's negative answer was made with any purpose of concealing facts which might bar him from obtaining a visa. The intent, essential in immigration cases, to a finding of fraudulent concealment for the purpose of obtaining admission to the United States, is completely absent.

A wrong answer, if given, is not automatically synonymous with a fraudulent answer. This case persuasively so demonstrates. The whole record fails to support the determination by the special inquiry officer that the negative answer by petitioner was a fraudulent answer.

2. It should be noted that this factor was not considered by the special inquiry officer because he was under the er-

It is ordered that the order of the Immigration and Naturalization Service declaring petitioner deportable and granting him the privilege of voluntary departure be and it is hereby vacated.

roneous impression that past membership in the Communist Party of Italy was per se a ground for exclusion.