**Hans E. LANGHAMMER, Plaintiff,**

**v.**

**James A. HAMILTON, District Director, Immigration and Naturalization Service, Boston, Massachusetts, Defendant.**

**Civ. A. No. 61-172-C.**

United States District Court D. Massachusetts.

May 31, 1961.

James Sullivan, Boston, Mass., Stewart J. Stowell, East Hartford, Conn., for plaintiff.

Elliot Richardson, U. S. Atty., James C. Heigham, Asst. U. S. Atty., Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a petition for a declaratory judgment. Jurisdiction is based on 28 U.S.C.A. § 2201 and 5 U.S.C.A. § 1009. The declaratory relief sought by plaintiff is a ruling by this Court that he is entitled to an order setting aside a deportation order now outstanding against him, and an order directing the Immigration and Naturalization Service to afford plaintiff a hearing *de novo* on the deportation charges which are the basis of the order he seeks to have this Court set aside.

Plaintiff is a citizen of Germany and has been a resident of the United States since October 30, 1953. At present he is a practicing physician, residing in Concord, New Hampshire. Defendant is the District Director of the United States Immigration and Naturalization Service, Boston, Massachusetts.

Pursuant to the provisions of the Immigration and Nationality Act of 1952, the plaintiff, after hearing, has been found deportable on the following two grounds, (a) excludable at time of entry as a member of or affiliated with a foreign Communist Party, and (b) excludable at time of entry because visa was procured by fraud or by wilful misrepresentation of a material fact.

It appears from the record of the Immigration and Naturalization Service that prior to entry of the final order of deportation against plaintiff, hearings were held on October 24, 1958 and November 25, 1958, before a Special Inquiry Officer of the Immigration and Naturalization Service, at which plaintiff was present and represented by counsel. On January 29, 1959, the Special Inquiry Officer entered an order that plaintiff be deported. On February 9, 1959, plaintiff appealed this deportation order to the Board of Immigration Appeals, and plaintiff's counsel filed a brief with said Board. On March 9, 1960, the Board ordered the appeal dismissed.

On May 7, 1960, plaintiff (who divorced his first wife in 1955) married a United States citizen. In his petition for declaratory relief, plaintiff attacks the validity of the order of deportation on five separate legal grounds:

1. Plaintiff was compelled to testify over objection of counsel in violation of his privilege against self-incrimination;

2. The Government's finding of deportability on the ground that plaintiff was excludable at the time of entry as a member of or affiliated with a foreign Communist Party is not sustained by the facts found at the hearing because plaintiff was an involuntary member, by operation of law, and for the purpose of obtaining employment and other essentials of living within the provisions of 8 U.S.C.A. § 1182(a) (28) (I);

3. The finding of deportability because he was excludable at the time of entry because his visa was procured by fraud or by misrepresentation of a material fact is not sustained by the facts found at said hearing in that said statements were not wilful or material;

4. Plaintiff, who is married to a United States citizen, is eligible for a waiver of a defective entry arising from a visa procured by fraud or misrepresentation of a material fact under 8 U.S.C.A. § 1251(a).

5. Plaintiff has terminated his membership in the Communist Party more

than five years ago and is eligible for relief under 8 U.S.C.A. § 1182(ii) a & b. These five asserted grounds of legal error on the part of the Immigration and Naturalization Service will be evaluated in the order named.

As to ground No. 1, in his memorandum of law filed on April 3, 1961, plaintiff states by his counsel that he has waived the claim concerning the privilege against self-incrimination, for the reason that it has no substantial basis in fact as disclosed by the entire record.

As to ground No. 2, plaintiff contends that he is not deportable as an alleged former member of the Communist Party in East Germany for three reasons:

(a) his membership was not proved with reasonable, substantial and probative evidence within the meaning of 8 U.S.C.A. § 1252(b) (4) as interpreted by the Supreme Court in Rowoldt v. Perfetto, 355 U.S. 115, 78 S.Ct. 180, 2 L.Ed. 2d 140. I find plaintiff's argument on the basis of the Rowoldt case unpersuasive. In his memorandum, plaintiff argues, in effect, that in Rowoldt the Supreme Court ruled that an alien's testimony in and of itself is insufficient to establish the "meaningful association" with the Communist Party required by the statute. I read the Rowoldt case as setting forth a ruling by the Supreme Court only that the testimony of the particular alien involved in that case did not establish that Rowoldt had such a meaningful association with the Communist Party in this country as was required to bring him in violation of Section 22 of the Internal Security Act, 64 Stat. 987, 1006, the statute which was the basis of the order of deportation against Rowoldt. I find nothing in the opinion of the Court evidencing an intention by the Court to formulate a rule of general applicability to the effect contended for by plaintiff, namely, that the testimony of an alien, standing alone, is not a sufficient basis in law to establish a "meaningful association" with the Communist Party. On the facts of the instant case, the Special Inquiry Officer found that the plaintiff was a member of the East German Communist Party from April 1948 to July 1952; that he was a member of the Society of German-Soviet Friendship from 1948 to July 1952; that he was a member of the Free German Youth from 1949 or 1950 until July 1952; that he was Organizational Secretary for the East German Communist Party at a school in Halle, Germany, and, also, Secretary of the Medical Students Branch of the Communist Party. It was found that as Organizational Secretary of the East German Communist Party at the University of Halle, his duties included making records of the progress of the group, arranging meetings, arranging for speakers to lead the meetings, and collecting dues. It was found that as Secretary of the Medical Students Branch, his duties included arranging for meetings and seeing that monies collected were sent to the proper persons or places. He also paid dues and had a Communist Party membership card. I find that plaintiff's membership in the Communist Party in East Germany was proved with reasonable, substantial and probative evidence within the meaning of 8 U.S.C.A. § 1252(b) (4).

(b) Plaintiff contends that his alleged Communist membership was involuntary and for the purpose of obtaining employment, food rations, and other essentials of living within the meaning of 8 U.S.C. A. § 1182(a) (28) (I). Plaintiff's only contention at the hearing below tending to bring him within the provisions of 8 U.S.C.A. § 1182(a) (28) (I) is the claim that it was necessary to be a member of the Communist Party to progress successfully through medical school. Statutory language sought to be relied on by plaintiff in this instance reads as follows:

> "Any alien who is within any of the classes described * * * because of membership in * * * a party * * * may, if not otherwise ineligible, be issued a visa if

> such alien proves to the satisfaction of the consular officer when applying for a visa and the consular officer finds that such membership or affiliation is or was involuntary * * * or for purposes of obtaining employment, food rations, or other essentials of living and where necessary for such purposes * * *"

While the Supreme Court pointed out in Galvan v. Press, 347 U.S. 522, at page 527, 74 S.Ct. 737, at page 741, 98 L.Ed. 911, that "Congress did not provide that the three types of situations it enumerated in the 1951 corrective statute should be the only instances where membership is so nominal as to keep an alien out of the deportable class," the type of situation necessary to remove an alien from the deportable class would perforce have to be a situation in line with the three enumerated classes, i. e., something closely related to the bare essentials of livelihood. I find no basis and plaintiff offers none to support the argument that Congress had in mind the nicety of a medical education when it used the phrase "employment, food rations, or other essentials of living." So to construe this language would be to strain the principle of *ejusdem generis* well beyond the breaking point.

(c) Plaintiff likewise contends that under 8 U.S.C.A. § 1182(a) (28) (I) a and b, the Special Inquiry Officer erred in finding him deportable as a member of a foreign Communist Party as a matter of law. The subsection referred to by plaintiff is available to an alien only if, *inter alia*, the Attorney General finds "and (b), the admission of such alien into the United States would be in the public interest." No such finding was made in the instant case.

As to ground No. 3, plaintiff contends that he is not deportable because the Special Inquiry Officer erred in finding his visa was procured by fraud or by wilful misrepresentation of a material fact. The Special Inquiry Officer found that plaintiff concealed his membership in the East German Communist Party and related organizations. The record supports this finding of concealment. It would appear beyond question that information with regard to membership in the Communist Party is material, since a truthful answer would have revealed that plaintiff was a member of a class of aliens excluded from admission to the United States by law. 8 U.S.C.A. § 1182(a) (28) (C). That the concealment of this type of information by an alien applying for entrance into the United States is material is clearly proved by Duran-Garcia v. Neelly, 5 Cir., 1957, 246 F.2d 287, 291, where the Court said, "Any concealment of information which tends to frustrate the proper official investigations is grounds for excludability under the statute." See, also, Clarke v. Landon, 1 Cir., 239 F.2d 631. The case of Benvenuto v. Barber, D.C.N.D.Cal.S.D.1957, 157 F.Supp. 575, relied upon by plaintiff to establish lack of fraud, is distinguishable in that it involved only one untrue answer on the part of an alien specifically found by the Hearing Officer to be of good moral character. The record in the instant case shows several instances of non-disclosure by plaintiff.

Plaintiff likewise contends that he is eligible for relief under 8 U.S.C.A. § 1251(a) as amended, as a matter of discretion. There are two answers to this contention. The first is that the discretion was not exercised favorably to the plaintiff; and the second is that to be eligible for this relief the alien must be "otherwise admissible at the time of entry," i. e., otherwise than by reason of fraud or misrepresentation as to a material fact. Plaintiff's membership in the Communist Party of a foreign State prevents his coming within the class of persons described in 8 U.S.C.A. § 1251(a) as amended, and for that reason he cannot qualify for relief by reason of his marriage to an American citizen.

As to ground No. 4, plaintiff alleges that the privilege of voluntary departure was denied to him not as a matter of discretion but upon the basis of ineligibility under the law. With regard to this contention, voluntary de-

parture is available only to persons found to be "of good moral character." 8 U.S.C.A. § 1254(e). An alien may not as a matter of law be found to be a person of good moral character if he "has given false testimony for the purpose of obtaining any benefits under this chapter." 8 U.S.C.A. § 1101(f) (6). Clearly, the false statements which plaintiff made on his application for registration as an intended immigrant and on his application for a visa were made for the purpose of obtaining benefits under Chapter 12, Title 8. Hence, as a matter of law, plaintiff was ineligible for voluntary departure and if the ruling below be taken as one of law there was no error therein. See Orlando v. Robinson, 7 Cir., 1959, 262 F.2d 850, 851, certiorari denied 359 U.S. 980, 79 S.Ct. 898, 3 L.Ed.2d 929; Bufalino v. Holland, 3 Cir., 1960, 277 F.2d 270, 276, certiorari denied 364 U.S. 863, 81 S.Ct. 103, 5 L.Ed.2d 85. Even if plaintiff were not ineligible for the relief of voluntary departure, the record clearly indicates (see page 1 of Deportation Hearing transcript) that the Special Inquiry Officer was aware of the fact that an application for voluntary departure was pending before him and his finding amounts to a denial of voluntary departure and an exercise by him of his discretion adversely to plaintiff. The findings that plaintiff is deportable on both the stated grounds, namely, (a) excludable at the time of entry as a member of or affiliated with a foreign Communist Party, in violation of 8 U.S.C.A. § 1251(a); and (b) excludable at the time of entry because visa was procured by fraud or by wilful misrepresentation of a material fact, in violation of 8 U.S.C.A. § 1251(a) (28) (I); are supported by reasonable, substantial and probative evidence on the record viewed as a whole, and the said findings, made after a hearing, were neither arbitrary, capricious, nor violative of procedural due process, or other asserted constitutional or statutory rights of plaintiff.

The injunction previously issued herein is hereby dissolved and the complaint dismissed.