**Hans E. LANGHAMMER, Plaintiff,**

v.

**James A. HAMILTON, District Director, Immigration & Naturalization Service, Boston, Massachusetts, Defendant.**

**Civ. A. No. 61–172.**

United States District Court
D. Massachusetts.

Dec. 27, 1961.

Edith Lowenstein, New York City, for plaintiff.

W. Arthur Garrity, U. S. Atty., John J. Curtin, Asst. U. S. Atty., Boston, Mass., for defendant.

CAFFREY, District Judge.

On December 22, 1961, plaintiff filed a motion to remand case for further administrative hearing and for stay, or in the alternative for stay pending petition for certiorari, and on December 27, 1961, plaintiff filed a supplemental motion and application for stay.

Plaintiff, a German alien, filed a petition for declaratory relief on March 9, 1961, seeking, in substance, to block the District Director from carrying out the deportation of plaintiff. After a hearing in this Court plaintiff's complaint was dismissed, D.C., 194 F.Supp. 854, and after an appeal duly taken to the Court of Appeals for the First Circuit, 295 F. 2d 642, the judgment of the District Court was affirmed. Mandate of the Court of Appeals was issued on November 3, 1961 by that Court and thereafter a certified true copy of a judgment, in lieu of formal mandate, was filed in the office of the Clerk of this Court, on November 21, 1961.

At a hearing held on December 27, 1961, plaintiff was represented by a member of the bar of the State of New York, who was admitted specially to argue this matter, she being the fourth counsel to represent plaintiff in the course of his difficulties with the Immigration Service. The principal thrust of the motions argued today was that a factual error appeared in paragraph 3 of an order to

show cause dated October 6, 1958, and served upon plaintiff on said date. Counsel for plaintiff made the representation that this order to show cause had not been a part of the record previously before the District Court or the Court of Appeals, and a copy thereof was filed on the strength of this representation.

At the conclusion of the hearing a review of the file of the Clerk of the District Court indicates that counsel's representation is false; that, in fact, the order to show cause is contained in a certified administrative file, sealed and certified March 10, 1961, which was admitted in evidence as Plaintiff's Exhibit No. 1 at the hearing before the District Court on March 20, 1961. An examination of this document shows that, in addition, it was admitted in evidence and marked as an Exhibit at a hearing before the Immigration Service, and bears a notation to that effect dated October 24, 1958.

Plaintiff's counsel argues that because of the error in paragraph 3, which contains the statement "You last entered the United States at New York, New York on October 30, 1953," the Immigration Service drew various erroneous conclusions therefrom, the substance of which was to illegally debar plaintiff from arguing that he had been a defector from Communism for a period of five years prior to his last entry. An examination of the opinion filed by the Special Inquiry Officer dated January 29, 1959, which also is contained in the certified administrative file referred to above, indicates, on page 1 thereof, that the Special Inquiry Officer found that plaintiff "entered the United States for permanent residence on October 30, 1953 in possession of a quota immigrant visa. Thereafter, he took one trip to Germany and returned in possession of a reentry permit and has made several short trips to Canada to visit a sister who is resident there, last returning from such a visit in September 1958." This indicates that the decision of the Special Inquiry Officer was not predicated on the assumption that October 30, 1953 was his last entry. It does indicate that the October 1953 entry was the entry

used as establishing one of the two bases for deportation found by the Special Inquiry Officer and upheld as legally proper by both this Court and the Court of Appeals for this Circuit.

■ This record likewise indicates that plaintiff had ample opportunity to call to the attention of this Court or the Court of Appeals any arguments now being urged upon this Court at this late date. In fact, it appears from paragraph 6(e) of petitioner's complaint filed on March 9, 1961, in the District Court, that petitioner and his then counsel were aware of the argument he now seeks to make with reference to the defector clause, 8 U.S.C.A. § 1182(a) (28) (I) (ii) (a) & (b). Paragraph 6(e) of the complaint as amended March 20, 1961, states, "Under the provisions of 8 U.S.C.A. [§ 1182] (a) (28) (I) (ii) (a) & (b), the plaintiff has terminated his membership in the Communist party more than five years ago and is eligible for relief under this section of law." This contention was, in substance, rejected by the last page of the opinion of this Court which provided "The findings that plaintiff is deportable on both the stated grounds * * * were neither arbitrary, capricious, *nor violative of* * * * *other asserted* * * * *statutory rights of plaintiff*." I rule that having had a full opportunity to bring matters disclosed in the record to the attention of either the District Court or the Court of Appeals, the petitioner is not entitled to still another belated attempt to do so.

■ However, even assuming that the principle of *res judicata* did not foreclose petitioner's tardy attempt to raise this point, I rule that there is no validity in the contention, since, in effect, petitioner contends that had the 1958 entry date been used in paragraph 3 of the order to show cause, he would have had the right to contest deportability on the ground that on the date of his last entry he was admissible as a defector from Communism under 8 U.S.C.A. § 1182(a) (28) (I) (ii). This section expressly requires that in order for an alien to take advantage of

it, he must be "not otherwise ineligible," and it is clear that at the time plaintiff claims he could have argued for relief under the defector clause he was legally ineligible by reason of his violation of 8 U.S.C.A. § 1182(a) (19), i. e., procuring a visa by fraud or willful misrepresentation of a material fact.

In summation, I find that there is no legal or factual merit in plaintiff's various contentions. The motion to remand for further administrative hearing and for stay, or in the alternative for stay pending petition for certiorari is denied, as is the supplemental motion and application for stay.