Juan QUILODRAN–BRAU,
Appellant,

v.

J. W. HOLLAND, District Director, Immigration & Naturalization Service.

No. 11787.

United States Court of Appeals
Third Circuit.

Argued March 8, 1956.

Decided April 6, 1956.

Rehearing Denied April 30, 1956.

J. J. Kilimnik, Philadelphia, Pa., for appellant.

Eugene J. Bradley, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This case involves the liability of the appellant, Juan Quilodran-Brau, to deportation. The case has been heard three times. The first hearing was before a Special Inquiry Officer of the Immigration and Naturalization Service at Philadelphia, Pennsylvania. The hearing officer wrote findings of fact and conclusions of law, the effect of the latter being that the now appellant was subject to deportation. This decision was reviewed by the Board of Immigration Appeals which wrote an opinion in the matter. The conclusion of the Special Inquiry Officer was affirmed. Then Quilodran-Brau brought an action in the

District Court for the Eastern District of Pennsylvania in the form of a declaratory judgment suit, seeking to have the order of deportation set aside and an adjudication that he was not subject to deportation. The district court found against him and dismissed his complaint after a thorough and detailed opinion in which all the points were reviewed, 132 F.Supp. 765. In view of these three previous extended treatments of the case our discussion will be confined to a statement of our reasons for affirming the action of the district court.

We start with the statute, 8 U.S.C.A. § 1251. It states the classes of deportable aliens. It provides that:

"(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

"(1) at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry".

To find what classes of aliens were excludable by the law existing at the time of entry we turn to 8 U.S.C.A. § 1182. The two paragraphs relative here are (a)(9) and (17). (9) makes excludable "Aliens who have been convicted of a crime involving moral turpitude * * *." Paragraph (17) makes excludable "Aliens who have been arrested and deported * * *."[1]

Juan Quilodran-Brau is an alien. This fact has been found and is not denied by him. He therefore comes within the persons covered by the statutes just cited.

 The appellant has been convicted of the crime of larceny, in particular, stealing United States Government property, 18 U.S.C. § 82.* The record of conviction was introduced at his hearing and he admitted that he was the person involved. Is the crime of larceny one which involves moral turpitude so as to bring the appellant within § 1182(a)(9)? The borderline of "moral turpitude" is not an easy one to locate. See the thoughtful discussion by Judge Maris sitting in district court in United States ex rel. Manzella v. Zimmerman, E.D. Pa.1947, 71 F.Supp. 534. But we do not need to try to find that shadowy borderline in this case. It is well settled as a matter of law that the crime of larceny is one involving moral turpitude regardless of the value of that which is stolen. See, e. g., Tillinghast v. Edmead, 1 Cir., 1929, 31 F.2d 81 (15 dollars); Wilson v. Carr, 9 Cir., 1930, 41 F.2d 704 (petit larceny); Pino v. Nicolls, 1 Cir., 1954, 215 F.2d 237 (a dozen golf balls), reversed on other grounds, Pino v. Landon, 1955, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1273; United States ex rel. Ventura v. Shaughnessy, 2 Cir., 1955, 219 F.2d 249 (two sacks of corn meal); United States ex rel. Chartrand v. Karnuth, D.C.W.D.N.Y.1940, 31 F. Supp. 799 (shoes valued at 12 dollars). Whether there is a possible exception in an extreme case such as that instanced by troubled judges where a man takes the property of another to provide for his starving family[2] is not a problem we need to worry about here.

The appellant is confused in his reference to Jordan v. De George, 1951, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed 886. The Court in that case said that crimes which involve fraud are crimes which involve moral turpitude. The Court did not say that no crime involves moral turpitude unless fraud is in it. All horses are quadrupeds but all quadrupeds are not horses.

What has been said is indeed enough to settle this case by an affirmance of the judgment of the district court.

---

1. There is an "unless" exception to this paragraph applicable to persons who have the consent of the Attorney General to their applying or reapplying for admission. We are not concerned with it in this case.

* 1948 Revision, 18 U.S.C.A. §§ 641, 1361.

2. See Pino v. Nicolls, 1 Cir., 1954, 215 F. 2d 237, 245, reversed on other grounds, Pino v. Landon, 1955, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1273.

There is another ground relied upon all the way through, however, and we shall mention it briefly because it provides an additional reason for affirmance.

 This point is raised by 8 U.S.C.A. § 1182(a)(17) which makes excludable those aliens who have been arrested and deported. There is adequate proof of the appellant's prior deportation. He was asked about it at his hearing. Advised by his counsel he stood mute in answer to the questions but claimed no privilege under the Fifth Amendment and, indeed, from what we see in the record, could not have done so. His refusal to answer supports an inference against him. And the weight to be given to his silence is for the trial tribunal. United States ex rel. Vajtauer v. Commissioner of Immigration, 1927, 273 U.S. 103, 111, 47 S.Ct. 302, 71 L.Ed. 560. Cf. United States ex rel. Bilokumsky v. Tod, 1923, 263 U.S. 149, 153, 44 S.Ct. 54, 68 L.Ed. 221; Saksagansky v. Weedin, 9 Cir., 1931, 53 F.2d 13, 16.

There is also in evidence a sworn statement which was made by appellant when he was applying for citizenship. He identified the document and his signature. There was no objection to its admission at the time although there was later at an adjourned hearing. A suggestion is now made that the appellant, knowing only Spanish, did not know what he was admitting. But he was represented by counsel at the time and advised by her that he need not make a statement. The interpreter whose competence is now obliquely attacked was not objected to by counsel at the time. Moreover, it appears that the appellant as deponent was given an opportunity to inspect his statement and call attention to what he deemed erroneous. He did not do so.

There is not the slightest doubt that the items mentioned make out a clear case in support of the proposition that the appellant had previously been deported. This brings him directly within paragraph (17) of 8 U.S.C.A. § 1182 cited above.

Appellant, through his counsel, makes vigorous objection to introduction at the hearing of an "onion skin" document which purported to be a transcript of the deportation proceedings in 1934. It is argued that this document was not properly authenticated as a record and was inadmissible. We do not need to pass upon this objection. If it was improperly admitted it was harmless error because the case is abundantly proved without it.

The judgment of the district court will be affirmed.