**Agostino Eddie ORLANDO, Plaintiff-Appellant,**

v.

**Robert H. ROBINSON, District Director of Immigration and Naturalization Service, Defendant-Appellee.**

**No. 12341.**

United States Court of Appeals
Seventh Circuit.

Jan. 5, 1959.

Rehearing Denied Feb. 10, 1959.

Anna R. Lavin, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Donald S. Manion, Asst. U. S. Atty., Chicago, Ill. (John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel), for appellee.

Before DUFFY, Chief Judge, MAJOR and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This appeal is from a judgment of the District Court affirming on review a final order of the Immigration and Naturalization Service directing the deportation of plaintiff-appellant Orlando as one twice convicted of crimes involving moral turpitude subsequent to his entry into this country and to review the finding that Orlando had failed to establish his good moral character for the ten-year

period from May 24, 1945 to May 24, 1955 making him, therefore, ineligible for suspension of deportation, for which suspension he had made application on May 24, 1955.

Orlando does not contend that he has been convicted of less than two crimes since his entry into this country. He admits to a conviction, *inter alia*, of contributing to the delinquency of a female child in Chicago, Illinois on May 28, 1943 and to a conviction for larceny in Pasadena, California on January 18, 1929. In his brief Orlando makes no issue or argument "addressed to the finding that the 1943 conviction was for a crime involving moral turpitude." This we can readily understand after reading the sordid details of the immoral act to which he pleaded guilty. However, he does contend that his 1929 conviction for larceny was for a crime not involving moral turpitude. He would have us believe that because he was guilty of stealing Christmas packages valued at only $5 from an automobile and did not know he was arrested for and convicted of larceny but thought he was "accused of trying to break into the car", moral turpitude was not involved.

Larceny or theft is a crime *malum in se*. All crimes *mala in se* involve moral turpitude. Orlando was convicted of unlawfully stealing Christmas packages. There is nothing in this record to show that he knew what the packages contained when he stole them. The fact that the stolen packages contained merchandise of the value of $5 instead of $500 was for him a mere fortuity. It might have been a disappointment to the thief but it would not extirpate the element of moral turpitude. Orlando's quoted testimony contains absolutely nothing in mitigation. He did not plead guilty and "pay the judge", as he suggests by innuendo. He pleaded not guilty and was convicted after a trial. We are not here presented with a case of a father stealing a loaf of bread for his starving children or any facts of an extenuating nature whatsoever. Unmitigated larceny, as thus committed by

Orlando, is a crime involving moral turpitude. Quilodran-Brau v. Holland, 3 Cir., 1956, 232 F.2d 183, 184.

The evidence is uncontradicted that Orlando made false statements in his Application for Registry on July 15, 1947 and in his Petition for Naturalization on July 12, 1948. Both of these documents were executed by Orlando within the ten-year period prior to May 24, 1955. At the risk of being labeled prosaic we do not classify a prevaricator as a person of good moral character. Certainly mendacity is not a virtue.

However, Orlando argues that the applicant has to be a special kind of a prevaricator in order to be ineligible for suspension of deportation as defined by 8 U.S.C.A. § 1101(f) and, as neither of the documents of July 15, 1947 or July 12, 1948 was for obtaining any benefits under the Act, or if the Petition for Naturalization was he withdrew it on January 11, 1954, he has proven his good moral character for the requisite ten-year period.

It cannot be questioned that citizenship in the United States is a benefit under the Act. When Orlando executed and filed his Petition for Naturalization on July 12, 1948 it was certainly for the purpose of obtaining that benefit. Orlando does not actually deny that. However, he contends that as he withdrew the petition before the government took any action thereon, he is without the ambit of 8 U.S.C.A. § 1101(f). Such a contention is completely without merit in that it overlooks the fact that the statute bars any person who is, *or was*, one who has given false testimony. On July 12, 1948 Orlando was one who gave false testimony for the purpose of obtaining citizenship in the United States. His withdrawal of his petition some 5½ years thereafter did not absolve him from having committed the act of July 12, 1948, making him then a person not of good moral character.

To be entitled to suspension of his deportation the burden was on Orlando to prove his good moral character for ten

852

years prior to May 24, 1955. He not only failed to sustain that burden but the evidence conclusively shows that he was not a person of good moral character during that period.

The findings and order of the Immigration and Naturalization Service are more than adequately supported by substantial evidence and the District Court was correct in so holding. The judgment is

Affirmed.