**Edmond MORASCH, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 19510.**

United States Court of Appeals
Ninth Circuit.

June 27, 1966.

Ernest J. Hover, Portland, Or., for petitioner.

Cecil F. Poole, U. S. Atty., Elmer C. Collett, Asst. U. S. Atty., San Francisco, Cal., for respondent.

Before CHAMBERS, HAMLEY and BROWNING, Circuit Judges.

CHAMBERS, Circuit Judge:

We have here for review a decision of the Board of Immigration Appeals dismissing an appeal from an order of a special inquiry officer which directed that petitioner be deported to his native Canada. Also, petitioner was denied discretionary relief when he sought to have the deportation suspended, and that action we are also asked to review.

The first question is whether the petitioner has been convicted of two crimes involving moral turpitude, which permits deportation, 8 U.S.C. § 1251(a). There is no doubt that his forgery conviction in 1951 qualifies as one. But the petitioner says the other, a conviction for petty larceny in 1932 in Portland, does not qualify. In 1932, Morasch was 18 years old. At that time the Oregon courts could have treated him as a juvenile offender, which would have permitted downgrading of the offense, but it was determined not to do so. Petitioner urges upon us Tutrone v. Shaughnessy, S.D.N.Y., 160 F.Supp. 433. In New York at the time of the youthful Tutrone's prosecution there was apparently no separate state juvenile procedure for the handling of offenders of Tutrone's age. So the district court supplied it ex post facto, relying in part on the type of sentence that was imposed. The place of confinement was a special institution for juveniles.

We choose to follow here Orlando v. Robinson, 7 Cir., 262 F.2d 850, and Quilodran-Brau v. Holland, 3 Cir., 232 F. 2d 183. The statute (8 U.S.C. § 1251(a)) does not specify any age of the subject for his crime to classify for moral turpitude. Certainly an 18-year-old can have moral turpitude. Obviously, either petty or grand larceny, i. e., stealing another's property, qualifies. The Service was entitled to take the record as it found it, and neither it nor we are required to import separate juvenile proceedings which were not used by the Oregon court.

We find no merit in petitioner's contention that he was entitled to discretionary relief, assuming he was eligible for it. His record in the United States, independent of the two convictions, is not a pretty one. The Board of Immigration Appeals in no way based its decision on Morasch's short return trip to Canada and back within the intervening years, so, Rosenberg v. Fleuti, 374 U.S. 449, 83 S. Ct. 1804, 10 L.Ed.2d 1000, does not come into play.

The decisions of the Board of Immigration Appeals are affirmed.