**Arnaldo Octavio BRETT, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 161, Docket 30353.**

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1967.

Decided Nov. 29, 1967.

Edith Lowenstein, New York City, for petitioner.

Daniel Riesel, Special Asst. U. S. Atty. (Francis J. Lyons, Special Asst. U. S. Atty., and Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, on the brief), for respondent.

Before LUMBARD, Chief Judge, and MEDINA and HAYS, Circuit Judges.

PER CURIAM:

Petitioner seeks review of a final order of deportation pursuant to Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a).

Petitioner has been found deportable under Section 241(a) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a) which provides in relevant part:

"Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

\*    \*    \*    \*    \*    \*

(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more,  \*  \*."

Petitioner was convicted of petit larceny within the statutory period and was sentenced to a term of more than one year.

Petitioner's sole claim is that the crime of petit larceny does not involve moral turpitude. This contention is foreclosed by the authority of previous decisions in this and other circuits. Tillinghast v. Edmead, 31 F.2d 81 (1st Cir. 1929); United States ex rel. Ventura v. Shaughnessy, 219 F.2d 249 (2d Cir. 1955); Quilodran-Brau v. Holland, 232 F.2d 183 (3d Cir. 1956); Orlando v. Robinson, 262 F.2d 850 (7th Cir.), cert. denied, 359 U.S. 980, 79 S.Ct. 898, 3 L. Ed.2d 929 (1959); Wilson v. Carr, 41 F.2d 704 (9th Cir. 1930) (dictum).

Petitioner, who was found capable of rehabilitation and therefore under New York law received an indeterminate sentence of up to three years, does not claim that that sentence did not meet the year or more requirement in Section 241(a) (4), but does point to what he claims to be the anomaly of holding de-

portable a boy who is found reformable, but not deportable an incorrigible who is sentenced to less than the one year maximum sentence for petit larceny. However, petitioner did serve more than one year under the indeterminate sentence and it is not for us to speculate as to what the sentence would have been if he had been regarded as incorrigible.

Petition denied.