**Charles KENNEDY, Appellant,**

v.

**SECRETARY OF the NAVY, Appellee.**

**No. 21742.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 18, 1968.

Decided July 18, 1968.

Mr. Joseph Forer, Washington, D. C., for appellant.

Mrs. Lee B. Anderson, Atty., Department of Justice, with whom Asst. Atty. Gen. J. Walter Yeagley and Mr. Kevin T. Maroney, Atty., Department of Justice, were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and DANAHER and BURGER, Circuit Judges.

FAHY, Senior Circuit Judge:

In granting the motion of the Secretary of the Navy, appellee, for summary judgment, the District Court dismissed the action of Charles Kennedy, appellant. He sought, with other and related relief, a judgment declaring illegal his discharge from the United States Naval Reserve under conditions other than honorable. Upon the authority of Harmon v. Brucker, 355 U.S. 579, 78 S.Ct.

433, 2 L.Ed.2d 503, we reverse and remand.

The facts essential to an understanding of our decision are not in dispute. After previous service in the Navy, in part at least looking toward a commission in the Medical Corps, appellant on June 16, 1945, received a commission as Lieutenant (j.g.) in that Corps of the United States Naval Reserve. From June 16, 1945 to July 9, 1946, he was in inactive status. From July 10, 1946 to June 8, 1948, he was on active duty. He was then released from active duty under honorable conditions, receiving a "Certificate of Satisfactory Service," which recited on behalf of the President appreciation of his loyal services in the Medical Corps. On June 1, 1950, at his request appellant was transferred to the Naval Reserve Officer Inactive Status List. In that status he was not immediately available but could be called to active duty in the event of national emergency.

In proceedings which need not be detailed, appellant on July 31, 1952, was discharged from the Naval Reserve under conditions "other than honorable for the good of the service." The communication of discharge stated that this action was "taken by reason of doubt cast upon your loyalty to the United States of America as indicated by your membership in, attendance at meetings of, and financial contributions to the Communist Party, U.S.A." [1] During the proceedings which led to this action by the Secretary, appellant advised the appropriate naval authorities, in writing, that from the moment of his first official association with the Navy the welfare of the country had been "of very deep concern" to him, that in taking the oath of office he was "deeply aware" of the responsibility placed upon him as he assumed a position of leadership in the defense of his country, and that to the best of his knowledge and ability he had supported and defended the Constitution of the United States against all enemies, foreign and domestic, and had borne true faith and allegiance to it. "My only regret," he added, "is not having had the opportunity to have been of greater service during the war time." He also advised that he had never advocated the violent or forceful overthrow of the United States Government nor knowingly associated with any individual who had so advocated. He affirmed his loyalty to the Constitution of the United States and said he could not accept resignation "for the good of the service" but was willing to resign his commission if the Navy felt it necessary that he be separated. The Secretary believed he was without power to terminate appellant's services other than by the discharge here in question.

The matter went through various procedural phases before, and in one respect after, the case reached the court. These need not be reviewed since our decision does not turn upon their legal adequacy. And there is now no contention by the Secretary of failure of appellant to exhaust administrative procedures or timely to resort to them.[2]

Factually the case differs from Harmon v. Brucker in that the activities which led to Harmon's discharge were prior to his induction into the Army whereas in appellant's case the activities which resulted in the Secretary's doubt as to his loyalty were during the time appellant was an officer in the Naval Reserve. However, these activities were not reflected in the record of his naval service and there is no finding that they

---

1. Such membership, attendance and financial contributions are not contested on this record.

2. Review of the discharge was available to appellant within 15 years of its date. 10 U.S.C. § 1553 (Supp.1967).

Were we not to base our decision on Harmon v. Brucker the appellant's contentions with respect to the type of procedures to which he would be entitled and the Secretary's contentions that the appellant had waived whatever rights he might have in that respect would require our consideration.

affected the quality of that service. In these critical respects the case falls within Harmon v. Brucker. The basis for discharge given appellant, to repeat, was doubt as to appellant's loyalty. There is no finding of disloyalty; and the conduct relied upon is not said to have interfered in any way with appellant's service as an officer in the Medical Corps. In Harmon v. Brucker the Court pointed out that the statutory authority governing discharges rested in the end upon the records of military service. The type of discharge, the Court said, was to be determined "solely by the soldier's military record in the Army." As the dissent in Harmon v. Brucker emphasizes [3] the majority opinion holds that the nature of the discharge must be governed in that manner rather than by a judgment as to undesirable political associations and activities, such as occurred here, which left no discernible impact upon the service rendered or in the records of that service. As we pointed out in Bland v. Connally, 110 U. S.App.D.C. 375, 293 F.2d 852,[4] it does not follow that the authorities could not separate from the service one of doubtful loyalty. It follows only that the statutory standards governing this discharge did not authorize a dishonorable discharge, with all its derogatory consequences,[5] where the basis therefor was not in the armed forces service record.[6]

The judgment is reversed and the case remanded with directions that the discharge be declared invalid on the basis upon which the Secretary acted, and for such other and further action as may be meet and proper and as is not inconsistent with this opinion.

It is so ordered.

BURGER, Circuit Judge, dissents.

3. The dissenting opinion quotes from the opinion of our court, Harmon v. Brucker, 100 U.S.App.D.C. 190, 197, 243 F.2d 613, 620: "And in that determination [that Harmon was a security risk] surely no data is more relevant and material than are his [pre-induction] habits, activities and associations."

4. In Bland v. Connally, decided after Harmon v. Brucker, this court did not feel called upon as the case was presented to do more than decide the question of procedure, particularly with respect to the right of confrontation. In the same connection see Davis v. Stahr, 110 U.S. App.D.C. 383, 293 F.2d 860.

5. See Bland v. Connally, supra, 110 U.S. App.D.C. at 381, 293 F.2d at 858.

6. Harmon v. Brucker, 355 U.S. 579, 78 S. Ct. 433, 2 L.Ed.2d 503, involved a discharge from the Army. Our case involves a discharge from the Navy. In Harmon's case the Court relied upon 38 U.S.C. § 693h (1946 ed.) setting forth the provisions for review of both Army and Navy discharges, "based upon all available records of the service department * * * and such other evidence as may be presented by such person." It was this provision which the Court construed to mean "records of military service." 355 U.S. at 583, 78 S.Ct. 433. The Court stated that Section 693h and 10 U.S.C. § 652a, which authorized the Secretary to issue discharges, must be read together in order "that the basis on which the Secretary's action is reviewed is coterminous with the basis on which he is allowed to act," 355 U.S. at 582, 78 S.Ct. at 435. Section 693h was effective when appellant here was discharged. It follows that the validity of his discharge must be governed by the standards of review set forth in Section 693h. We do not understand appellee to contend that statutory amendments subsequent to the discharge need be considered in determining its validity in 1952 when it was issued. See 10 U.S.C. § 1553 (Supp. 1967), enacted September 2, 1958, and amended September 7, 1962, setting forth the scope of review as "based on the records of the armed forces concerned and such other evidence as may be presented to the board."