**George L. SANFORD, Appellant,**

v.

**UNITED STATES of America, United States Army, et al., Appellees.**

No. 21819.

United States Court of Appeals
Ninth Circuit.

Aug. 27, 1968.

Rehearing Denied Sept. 23, 1968.

---

George L. Sanford (argued), Yakima, Wash., for appellant.

Carl Eardley (argued), Acting Asst. Atty., J. F. Bishop, Alan S. Rosenthal, Attys., Washington, D. C., Smithmoore P. Myers, U. S. Atty., Yakima, Wash., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and REAL, District Judge.

PER CURIAM:

Appellant seeks review of an order of the Army Board for Correction of Military Records, denying appellant's application under 10 U.S.C. § 1552(a) for correction of his army medical record in order that it might reflect disabilities allegedly suffered by him in connection with his military service. His action was dismissed by the District Court for failure to state a claim. Since matters outside the pleadings were presented at the hearing on motion to dismiss, we treat the court's action as an entry of summary judgment. Rule 12(b), F.R.Civ.P.; S & S Logging Co. v. Barker, 366 F.2d 617 (9th Cir. 1966).

No judicial relief from action of the Army Board for Correction of Military Records is available in the absence of a showing that the action was arbitrary or capricious or was unsupported by substantial evidence. Stephens v. United States, 358 F.2d 951, 954, 174 Ct.Cl. 365 (1966). The lower court reviewed all documentary evidence submitted by appellant and concluded that appellant had not met his burden of establishing that the Board had acted arbitrarily and that there was substantial evidence to support the Board's decision. We agree.

Appellant assigns as error refusal of the court to allow him to produce further oral evidence in support of his original documentary evidence, and also in support of other alleged disabilities which had not been claimed before the Board. He also objects to the court's refusal to allow him to amend his complaint in order to set out additional allegations to support such offered evidence. The court's function, however, was confined to a review of the evidence submitted to the Board for Corrections. Appellant's supplemental evidence was never offered to the Board and appellant made no attempt to explain his failure to do so. It appears that appellant was attempting to try his case anew on bases not theretofore alleged.

Judgment affirmed.