Vito AMATO, Plaintiff,

v.

John CHAFEE, Secretary of the United
States Navy, Defendant.

Civ. A. No. 993–71.

United States District Court,
District of Columbia.

Jan. 31, 1972.

Norman C. Barnett, Washington, D. C., Harold Kelvin, Brooklyn, N. Y., C. Christopher Brown, Washington, D. C., for plaintiff.

Michael Katz, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

### I. *Preliminary Statement*

Plaintiff herein seeks relief in the nature of an order directing the defendant Secretary of the Navy to change the character of the discharge plaintiff received in 1968 from undesirable to "General under Honorable Conditions." He thus requests the Court to review the administrative proceedings had in the Department of the Navy which resulted in the issuance of plaintiff's discharge and the later determination not to change the character thereof.

Plaintiff voluntarily enlisted in the United States Navy on February 15, 1967, at Fort Hamilton, New York. On August 2, 1968, while assigned to the U. S. Naval Station at San Diego, California, plaintiff, upon his plea of guilty, was convicted by the Municipal Court of said city of willfully and unlawfully taking another's personal property.

On October 28, 1968, plaintiff was advised in writing by his Commanding Officer that he was to be recommended for an "administrative discharge by reason of misconduct" on account of his having been convicted by a civil court of an offense involving moral turpitude, as provided for by Article C–10312 of the Bureau of Naval Personnel (hereinafter "BUPERS") Manual.

Plaintiff was fully and correctly advised of the nature of the proceedings being instituted against him, and the reason therefor, the possible consequences attendant to the issuance of an undesirable discharge, and the privileges relating to a hearing, representation by counsel, personal appearance and submission of statements, with respect to such proceedings, by Lieutenant John Sargent Meyer, Judge Advocate General's Corps, U. S. Navy, a lawyer within the meaning of Article 27(b) (1) of the Uniform Code of Military Justice (*i. e.,* a member of the bar). Having been thus advised, plaintiff, in the presence of the legal officer, personally executed the following statement:

"I understand that I am being considered for an administrative discharge because of civil conviction involving moral turpitude to wit: Unlawfully taking personal property and that I am subject to and may be separated with an undesirable discharge. I understand that an undesirable discharge is under other than honorable conditions and may deprive me of virtually all veterans benefits based on my current period of active service, and that I may expect to encounter substantial prejudice in civilian life in situations wherein the type of service rendered in any branch of the Armed Forces or the character of discharge may have a bearing. I understand that I may request or waive the privileges listed below. Understanding all of the foregoing and after being counseled by a lawyer within the meaning of Article 27(b) (1), UCMJ, I desire to avail mayself [sic] of the privileges I have checked below:

(1) __x__ None of the privileges listed below.

(2) _____ To have my case heard by a board of not less than three officers.

(3) _____ To appear in person before such board (unless civil confinement or otherwise unavailable).

(4) _____ To be represented by counsel who, if reasonably available, should be a lawyer.

(5) _____ To submit statements in my own behalf.

Having been so advised and fully understanding the above, my desires have been checked and initialed by me and my signature appears below."

DATE: <u>Oct. 28, 1968</u> SIGNATURE: <u>/s/ Vito D. Amato</u>
Vito D. AMATO

WITNESSED: <u>/s/ J. S. Meyer</u>
J. S. MEYER, LT, JAGC, USNR
ASST. LEGAL OFFICER

On November 8, 1968, plaintiff's commanding officer recommended to the Chief of Naval Personnel, Department of the Navy, that plaintiff be separated from the naval service by reason of the foregoing, and that he be issued an undesirable discharge. On November 18, 1968, the Chief of Naval Personnel, after consideration of the case, directed the separation of plaintiff with an undesirable discharge by authority of Article C–10312, BUPERS Manual, by reason of his civilian conviction. Plaintiff was discharged in the manner so prescribed on December 13, 1968.

A little over a year later, plaintiff applied to the Board for Correction of Naval Records (hereinafter "BCNR") to have his discharge changed from undesirable to a "General Discharge on Medical Grounds." On February 3, 1971, the BCNR determined that insufficient evidence had been presented by plaintiff to indicate probable material error or injustice, and accordingly it denied the application.

In his complaint before this Court, plaintiff admits that he executed the waiver of the hearing before a board of officers, but claims that he was not aware that he was being recommended for an undesirable discharge. He alleges that he was under the impression that he was to receive a medical discharge. He further alleges that he should have been discharged for medical reasons, and that in reality his undesirable discharge was given "as punishment for documented emotional and psychiatric problems which prevented him from serving satisfactorily." Plaintiff maintains that the subsequent refusal of the BCNR to correct his discharge in the manner requested by him is arbitrary and capricious, and thus erroneous. Plaintiff seeks the Court's declaration that this is so, and prays that the Court issue an injunction directing defendant to change his discharge to a general discharge under honorable conditions.

It is our judgment that for the reasons stated below, plaintiff's complaints are without factual or legal merit, and that defendant is therefore entitled to summary judgment, as no genuine issues exist as to any material facts herein.

II. *The Scope of Judicial Review*

██ It is clear that the Secretary of the Navy has authority to establish regulations for terminating an individual's military service administratively. Ives v. Franke, 106 U.S.App.D.C. 203, 271 F.2d 469 (1959), cert. denied, 361 U.S. 965, 80 S.Ct. 594, 4 L.Ed.2d 545; Pickell v. Reed, 326 F.Supp. 1086, 1089 (N.D.Cal. 1971). A serviceman does not have a right *per se* to remain in service until the expiration of his enlistment. McAulay v. United States, 305 F.2d 836, 158 Ct.Cl. 359, cert. denied, 373 U.S. 938, 83 S.Ct. 1543, 10 L.Ed.2d 693 (1963); Reed v. Franke, 187 F.Supp. 905 (E.D.Va.1960), aff'd, 297 F.2d 17 (4th Cir. 1961); Pickell v. Reed, *supra.*

█ Congress has not given the courts any express supervisory role in Armed Forces discharge matters. Hence, the Court's function is limited to a determination of whether or not the Secretary's action is "in excess of his express or implied powers." Harmon v. Brucker, 355 U.S. 579, 581–582, 78 S.Ct. 433, 435, 2 L.Ed.2d 503 (1958). See Kennedy v. Secretary of Navy, 131 U.S.App.D.C. 39– 40, 401 F.2d 990, 990–991 (1968).

█ On the other hand, Congress has made express statutory provision for administrative Armed Forces Correction and Review Boards, to aid the Secretary concerned to properly fulfill his assigned competence in such matters. 10 U.S.C. §§ 1552, 1553. Where a discharge action

has been considered by the appropriate Armed Forces Correction or Review Board under 10 U.S.C. § 1552 or § 1553, the proper Court function is to conduct limited judicial review on the basis of the certified military records. Van Bourg v. Nitze, 128 U.S.App.D.C. 301, 307, 310, 388 F.2d 557, 563, 566 (1967); Sanford v. United States, 399 F.2d 693, 694 (9th Cir. 1968). See Sohm v. Fowler, 124 U.S.App. D.C. 382, 384–386, 365 F.2d 915, 917–919 (1966). In other words, the Court may not substitute its judgment for that of the administrative officers, but may only review the record to insure that the pertinent laws and regulations were followed. Reed v. Franke, *supra;* Sanford v. United States, *supra*; Courtney v. Secretary of Air Force, 267 F.Supp. 305 (C.D.Cal.1967); Merson v. United States, 173 Ct.Cl. 92 (1965).

The Secretary of each military department is empowered to establish a board for the correction of military records pursuant to 10 U.S.C. § 1552.[1] Regulations promulgated by the Secretary of the Navy governing the operation of the BCNR are contained at 32 C.F.R. 723.1 *et seq.* The purpose of the BCNR is to determine the existence of error or injustice in military records, and to make recommendations for the correction of same, if warranted, to the Secretary of the Navy. The provisions of 10 U.S.C. § 1552 clearly indicate that the Secretary of the Navy, acting through the BCNR, *may* correct any military records of the Department of the Navy when he considers it necessary to correct an error or remove an injustice. The BCNR may deny an application where a sufficient basis for review has not been established. In this way, Congress has prescribed the BCNR as the means by which the merits of administrative discharges are to be reviewed. McCurdy v. Zuckert, 359 F.2d

491 (5th Cir., 1966) cert. denied, McCurdy v. Brown, 385 U.S. 903, 87 S.Ct. 212, 17 L.Ed.2d 133; Reed v. Franke, *supra.* Where challenged, the decision of the BCNR cannot be disturbed unless its action is arbitrary, capricious, or unsupported by substantial evidence. Stephens v. United States, 358 F.2d 951, 174 Ct.Cl. 365 (1966); Hoen v. United States, 157 Ct.Cl. 235, 240 (1962); Furlong v. United States, 153 Ct.Cl. 557 (1961).

### III. *Discharge and Review*

As the following demonstrates, plaintiff's specific assignments of error in the issuance and review of his undesirable discharge are clearly lacking in merit.

### A. *Issuance of Discharge*

Plaintiff's principal contention appears to be that when he waived a hearing before a board of officers to determine whether and under what conditions he should be discharged, he was not aware that he was being recommended for an undesirable discharge, nor that this action was being considered because of his civilian conviction. Rather, he relates that he received the impression that he was being "processed for a medical discharge" and waived a hearing as a result.

Although plaintiff claims that the legal officer never advised him of the nature of his discharge, he admits that the officer "spoke to a group of 15 or 20 persons [including the plaintiff] waiting to sign waiver forms and advised them in general as to what the different types of discharges were and the consequences of signing the waiver." Thus, plaintiff's claim is considerably reduced. He admits that he was counseled concerning the types of discharges and the consequences of signing the waiver, but complains that because the counseling was not individual, his waiver was unknowing. Plaintiff's claim is frivolous.

1. 10 U.S.C. § 1552(a) provides as follows: "The Secretary of a military department, under procedures established by him and approved by the Secretary of Defense, and acting through boards of civilians of the executive part of that military department, may correct any military record of that department when he considers it necessary to correct an error or remove an injustice. . . . Except when procured by fraud, a correction under this section is final and conclusive on all officers of the United States."

The waiver document executed by plaintiff (a high school graduate) clearly and unmistakably recites that:

> "I understand that I am being considered for an administrative discharge because of civil conviction involving moral turpitude to wit: Unlawfully taking personal property and that I am subject to and may be separated with an undesirable discharge."

The same document then goes on to set forth the possible consequences attendant upon the issuance of an undesirable discharge, and to enumerate the various procedural entitlements available to plaintiff by regulation, all of which he waived. To allay all doubt on this mater, defendant has filed an affidavit executed by the former legal officer who counseled plaintiff prior to his execution of the waiver, and who witnessed his signature thereon. Although the former officer does not recall plaintiff's individual case, his affidavit does make it plain that in all cases such as plaintiff's, he took pains to ensure that persons being considered for administrative discharges were properly counseled and advised.

Viewed in this light, plaintiff's assertion that he "was not properly advised and counseled concerning the nature of the discharge proceeding instituted against him and his rights thereunder" is unworthy of belief. In any event, plaintiff is asking the Court to make a factual determination as to his state of mind, and this in effect would have the Court reweigh the evidence presented to the BCNR for the purpose of determining its credibility. As we have pointed out earlier, to do so would be to ask the Court to exceed the limited scope of review which applies to matters of this character.

■ Plaintiff's remaining contentions as to the impropriety of his discharge are likewise singularly lacking in merit. His assertion that he was eliminated from the service as a punishment for alleged manifestations of emotional and psychiatric conditions is unfounded. His sole contention in this regard appears to be that since a psychiatrist who examined him sometime prior to the initiation of the discharge proceedings recommended that he be separated as unsuitable under BUPERS Manual Article C–10310 (32 C.F.R. § 730.10), a recommendation which, if followed, would have culminated in a discharge under honorable conditions, he should have been discharged for that reason. However, such a recommendation is exactly that—advisory only —and not binding upon the command. This Court will not substitute its judgment for that of the military authorities in choosing the regulation under which plaintiff should have been discharged. See, e. g., Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); Nixon v. Secretary of Navy, 422 F.2d 934 (2d Cir. 1970); Arnheiter v. Chafee, 435 F.2d 691 (9th Cir. 1970); Raderman v. Kaine, 411 F.2d 1102 (2d Cir. 1969), cert. dismissed, 396 U.S. 976, 90 S.Ct. 467, 24 L.Ed.2d 447; Harmon v. Brucker, *supra*.

■ Clearly, plaintiff's undesirable discharge was properly effected. Plaintiff has not shown any procedural defect in the discharge.[2] It is undisputed that he was convicted in a civilian court in California of larceny,[3] an offense involving moral turpitude, and a sufficient predicate under paragraph 2(a) of Article C–10312 for undesirable discharge by reason of misconduct.[4]

2. The validity of a similar Air Force regulation providing for discharge of personnel convicted by civilian courts was affirmed by the Court of Claims in Jackson v. United States, 297 F.2d 939, 156 Ct.Cl. 183 (1962), cert. dismissed, 372 U.S. 950, 83 S.Ct. 947, 9 L.Ed.2d 976 (1963).

3. He was convicted upon his plea of guilty of a violation of Sec. 488 of the California Penal Code (Petty Theft) which is punishable by a maximum of 6 months' imprisonment and/or $500 fine. Cal.Penal Code, § 490.

4. The fact that this conviction was for a misdemeanor, or that plaintiff characterizes it as a "minor civilian infraction" does not mean it is not for an offense involving moral turpitude. In Orlando v. Robinson, 262 F.2d 850 (7th Cir.),

## B. *Review of the Case by the BCNR*

The foregoing material has made it clear beyond cavil that the decision of the BCNR that insufficient evidence had been presented by plaintiff to indicate the existence of probable error or injustice justifying correction of his records, was neither arbitrary nor capricious, and was supported by substantial evidence. Plaintiff seeks to avoid the effects of this decision by complaining that he did not receive a hearing before the BCNR, and that it did not issue findings of fact or an opinion setting forth reasons for its adverse decision.

Nowhere in the applicable statute can there be found any such requirement. In fact, the naval regulations governing the operation of the BCNR, issued pursuant to the authority of 10 U.S.C. § 1552(a), and found at 32 C.F.R. § 723.3(e), provide as follows:

"(1) Each application and the available military or naval records pertinent to the corrective action requested will be reviewed to determine whether to authorize a hearing, recommend that the records be corrected without a hearing, *or to deny the application without a hearing.*

(2) The Board may deny any application if it determines that insufficient relevant evidence has been presented to determine the existence of probable material error or injustice.

(3) When an application is denied without a hearing, written findings, decision and recommendations are not required. (Emphasis added)"

In Newman v. United States, 185 Ct.Cl. 269, 276 (1968), the Court said:

"The BCNR is not required to grant a hearing to all applicants . . . A hearing is required only when review of applicant's available military record indicates 'probable material error or injustice.'"

Denial of a hearing is error only if arbitrary or contrary to law. Kurfess v. United States, 167 Ct.Cl. 486, 491 (1965). Manifestly, it cannot be so characterized in this case, since plaintiff, as we have shown above, has not presented anything which supports his contentions. See also Courtney v. Secretary of Air Force, 267 F.Supp. 305, 311 (C.D. Cal. 1967).

As to the lack of findings, the opinion in Van Bourg v. Nitze, 128 U.S. App.D.C. 301, 309, 388 F.2d 557, 565 (1967) clearly indicates that findings are only necessary where the applicable regulation so provides. As no such requirement exists in plaintiff's case, the Board's failure to make findings was not error.

### Conclusion

Wherefore, defendant is granted summary judgment because there is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law.

The foregoing constitute the Court's Findings of Fact and Conclusions of Law. An appropriate order will be entered.

cert. denied, 359 U.S. 980, 79 S.Ct. 898, 3 L.Ed.2d 929 (1959), the court upheld the deportation of an alien convicted of the theft of a package worth $5.00, under a statute authorizing deportation upon conviction of an offense involving "moral turpitude." The court said at 262 F.2d 851: "Larceny or theft is a crime *malum in se*. All crimes *malum in se* involve moral turpitude." See also Brett v. Immigration & Naturalization Service, 386 F.2d 439 (2d Cir. 1967), cert. denied, 392 U.S. 935, 88 S.Ct. 2304, 20 L.Ed.2d 1394 (1968), and cases cited therein. If plaintiff believed the offense too trivial to warrant the possibility that an undesirable discharge might be awarded him, his remedy was to present this contention at a discharge hearing. Because of his knowing waiver of such an opportunity, he cannot be heard to complain now.