**Roman Acdan PADUA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 71-2128.**

United States Court of Appeals, Ninth Circuit.

June 26, 1972.

Lloyd A. Tasoff (argued), Los Angeles, Cal., for appellant.

Carolyn Reynolds, Asst. U. S. Atty. (argued), Frederick M. Brosio, Jr., Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., for appellee.

Before TRASK and CHOY, Circuit Judges, and RENFREW, District Judge.*

PER CURIAM:

The judgment of the district court is vacated, without prejudice to either of the parties, and the matter is remanded. Padua shall be accorded an opportunity to apply to the Army Board for Correction of Military Records, under 10 U.S.C. § 1552, for amendment of

* The Honorable Charles B. Renfrew, United States District Judge for the Northern District of California, sitting by designation.

**246**

his military records to reflect his alleged service in the United States Army and then for issuance of the certificate required by § 329 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1440, if he is entitled thereto. Pending a determination by the Army Board for Correction of Military Records,[1] Padua's deportation is stayed, since it appears that he would otherwise suffer irreparable harm and that there is a likelihood he will prevail on the merits. Schwartz v. Covington, 341 F.2d 537 (9th Cir. 1965). The district court shall retain jurisdiction over the deportation proceedings. Vacated and remanded.

Vacated and remanded.

1. Should the Army Board for Correction of Military Records act in an arbitrary or capricious manner or deny Padua a certificate without substantial evidence to support such a determination, the district court has the jurisdiction to review the matter. Sanford v. United States, 399 F.2d 693 (9th Cir. 1968).