**Faheem AFZAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74294.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2006.*

Filed Oct. 27, 2006.

---

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Glen A. Prior, Esq., Pacific Law Inc., PS, Fife, WA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Darwin P. Roberts, Esq., Immigration and Naturalization Service, Office of the District Counsel, USSE–Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

## MEMORANDUM **

Petitioner Faheem Afzal seeks review of two actions taken by the Board of Immigration Appeals ("BIA"): (1) a summary affirmation of the decision of an Immigration Judge ("IJ") finding him deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) (conviction, after admission, of two crimes involving moral turpitude), and (2) a denial of his motion to reconsider or reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

Afzal's chief argument, that a 1997 conviction for petty theft, charged as an infraction rather than a misdemeanor under California Penal Code § § 484(a) and 490.1, was not a conviction for a crime involving moral turpitude is unavailing.

The Immigration and Nationality Act ("INA") defines the term "conviction" as "a formal judgment of guilt of the alien entered by a court or ... where ... the alien has entered a plea of guilty or nolo contendere ... and ... the judge has ordered some form of punishment, penalty,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

or restraint." 8 U.S.C. § 1101(a)(48)(A). Under California law "[c]rimes and public offenses include: [f]elonies; [m]isdemeanors; and [i]nfractions." Cal.Penal Code § 16; *see also People v. Statum,* 28 Cal.4th 682, 122 Cal.Rptr.2d 572, 50 P.3d 355, 365 (2002) ("From its earliest days, this court has distinguished between the *nature* or *identity* of a crime ... and the *class* or *grade* o[f] the crime as being a felony, misdemeanor, or infraction.") (Kennard, J., dissenting).

Afzal pleaded *nolo contendere* to petty theft under California Penal Code § 484 charged as an infraction pursuant to Penal Code § 490.1. The California court entered a formal judgment of guilt and imposed punishment in the form of a fine. Afzal's unsupported assertion that "an infraction is not a crime" notwithstanding, there is sufficient authority to establish that he was convicted of a crime within the plain meaning of 8 U.S.C. § 1101(a)(48)(A) and California Penal Code § 16.

It is well settled that theft crimes are inherently crimes involving moral turpitude for purposes of the immigration laws. *See, e.g., Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1020 (9th Cir.2005); *United States v. Esparza–Ponce,* 193 F.3d 1133, 1136 (9th Cir.1999); *United States v. Lopez–Vasquez,* 1 F.3d 751, 755 n. 8 (9th Cir.1993); *United States v. Villa–Fabela,* 882 F.2d 434, 440 (9th Cir.1989) (*overruled on other grounds by United States v. Proa–Tovar,* 975 F.2d 592, 595 (9th Cir. 1992) (en banc)); *Morasch v. INS,* 363 F.2d 30, 31 (9th Cir.1966). This is so even if the conviction at issue is for "petty theft." *Esparza–Ponce,* 193 F.3d at 1136 (conviction for petty theft under California's theft statute).

Afzal argues that this court's decision in *United States v. Corona–Sanchez,* 291 F.3d 1201 (9th Cir.2002), dictates a determination that his 1997 conviction did not involve a crime of moral turpitude. In *Corona–Sanchez,* we determined that a conviction under California's theft statute was not categorically a conviction for an *aggravated felony* under 8 U.S.C. § 1101(a)(43)(G) because it was possible to violate the California statute without also committing what the court described as a "generic ... theft offense." *Corona–Sanchez,* 291 F.3d at 1205.

*Corona–Sanchez* is inapplicable to the present case for the simple reason that it has nothing to say about whether a conviction under California's theft statute is or is not a conviction for a *crime involving moral turpitude.* Indeed, as demonstrated above, there exists a substantial and unbroken line of cases holding that convictions for larceny and other forms of theft are necessarily crimes of moral turpitude. In particular, *Esparza–Ponce* stands for the proposition that a conviction under California's theft statute (whether for grand or petty theft) is a conviction for a crime of moral turpitude.

■ Afzal also argues that he was denied due process when the BIA failed to provide him with notice that it had rejected his motion to reconsider/reopen proceedings in time to seek judicial review of the order of removal in this case. To prevail on a due process challenge to an order of removal, an alien must show (1) an error constituting a due process violation, and (2) substantial prejudice. *Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000).

Assuming *arguendo* that Afzal has shown a violation of his right to due process of law, his petition for review must be denied because he cannot demonstrate substantial prejudice. To establish prejudice, petitioner must show that the alleged due process violation affected the outcome of the proceedings. *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.1999). This Afzal cannot do. The only asserted harm flowing

from the mis-mailing of notice here is that it caused Afzal to miss the deadline to seek judicial review of the order of removal. However, upon learning of the BIA's order, Afzal timely petitioned for a writ of habeas corpus in the Western District of Washington. The denial of that petition was timely appealed to this Court. While Afzal's appeal was pending, the REAL ID Act became law and the case was converted into the petition for review currently before us. *See Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1053 (9th Cir.2005) (appeals challenging the denial of habeas petitions pending when the REAL ID act became law are treated as timely petitions for review). As a result, this court has undertaken the review that Afzal complains was denied him by the BIA's mis-mailing. Because Afzal cannot show that the alleged mis-mailing affected the outcome of the proceedings, he cannot prevail on his due process claim.

**PETITION DENIED.**