Laramore, Judge,
delivered the opinion of the court:
Plaintiff, an enlisted man in the Air Force, seeks judgment . for pay and allowances from the date of his allegedly unlawful discharge.
Plaintiff re-enlisted in the United States Air Force on December 7,1955. On November 16,1956, plaintiff was convicted by a civil court of the State of Oklahoma, after a trial without jury on a plea of guilty, of the crime of rape in the *185 second degree, and was sentenced to serve a term of five years’ confinement in the Oklahoma State Penitentiary.
Plaintiff then filed a motion to vacate judgment, which, was overruled. An appeal was taken to the Court of Criminal Appeals of the State of Oklahoma, which reversed and vacated the judgment on the ground that plaintiff had been denied his right of counsel. On remand to the District Court, the proceedings were dismissed.
On November 24, 1956, plaintiff was discharged from the United States Air Force under other than honorable conditions.
On June 4,1958, plaintiff by his attorney, wrote the Altus Air Force Base, Oklahoma, seeking the reinstatement of the plaintiff. This application was subsequently abandoned, and plaintiff applied to the Air Force Board for Correction of Military Records. A hearing was held by the Board on September 16, 1959, and on April 28, 1960, the Board rendered a decision denying plaintiff’s application. That decision was approved by the Secretary of the Air Force.
Plaintiff’s complaint is twofold; first, that Air Force Regulation 39-22, under which plaintiff was discharged, was an unreasonable and arbitrary regulation; and second, that the action of the Secretary of the Air Force in denying the application of plaintiff was arbitrary and capricious.
Air Force Regulation 39-22, dated September 23, 1955, under which plaintiff was discharged, provides in pertinent part, as follows:
5. Upon Conviction of Offenses Punishable by Death or Imprisonment for More than One Year. Except as provided in b below, the general policy will be to discharge an airman with an undesirable discharge under this Regulation where the airman has been convicted by civil court of an offense punishable by death or imprisonment for more than 1 year. * * *.
It can readily be seen that this regulation provides in clear language that upon conviction the general policy is to discharge an airman with an undesirable discharge. This action was taken, and it is this regulation that plaintiff contends is unreasonable and arbitrary.
*186 Perhaps standing alone this regulation might seem to be unreasonable when the airman’s conviction is later reversed and, upon remand, dismissed. However, Air Force Regulation 39-22 further provides:
* * * immediate action should be taken to effect discharge or waiver. If the required action is not taken and the airman is continued in the service, although fact of the conviction is known, such continuation in the service may be construed as a constructive waiver. After such automatic waiver, no action may be taken at an unreasonably later date to process airman for discharge due to conviction by civil court. [15.a.]
It is noted that the above portion of the regulation provides that immediate action should be taken and, further, if no such action is taken and the airman is continued in the service, although the fact of the conviction is known, such-continuation in the service may be construed as a waiver. The regulation further provides that no action can be taken at an unreasonably later date to discharge due to a conviction.
This last portion of the regulation sheds light on the action taken by the Air Force in discharging plaintiff shortly after his conviction.
Plaintiff would have the Air Force continue him in the service, in this case a year and a half, until his appeal could be determined. What then if the conviction were allowed to stand? Not only would the Air Force have continued in service an undesirable airman, but under the regulation the action could amount to a waiver precluding any later action to process the airman for discharge due to conviction.
In these circumstances we can see nothing arbitrary or unreasonable about the regulation in question. As a matter of fact, we think the regulation provided a reasonable safeguard whereby the Air Force could protect itself against continuing an airman in the service when the circumstances warranted his removal.
Plaintiff’s reference to new Air Force Regulation 39-22, published April 14,1959, wherein it is provided that the general policy will be to withhold execution of an approved discharge pending outcome of an appeal has little, if any rele *187 vancy to this case, since it was published after plaintiff’s discharge.
The fact that the regulation does not contain a provision which would be applicable to an airman in the event his conviction was reversed on appeal, does not affect the validity of the regulation or the legality of his discharge. Cf. McMullen v. United States, 100 Ct. Cl. 328, cert. denied, 321 U.S. 790.
Plaintiff’s second contention is that the decision of the Correction Board, and the approval by the Secretary of the Air Force in denying plaintiff’s application, was arbitrary and capricious.
In respect to the above, and in the light of our holding that the regulation is not arbitrary or unreasonable, the decision of the Correction Board and the approval by the Secretary in denying plaintiff’s application could not be arbitrary or capricious. The Board correctly rejected plaintiff’s contention. Furthermore, the Board specifically indicated that, notwithstanding the fact that there no longer was a valid conviction, their overall impression of the plaintiff’s testimony and the entire record was such that plaintiff was not a fit person for reinstatement. The Board stated in its findings:
Whatever the merits of his case may have been they have been dissipated by his failure to be completely truthful and straightforward in his testimony before the Board. The action, or lack of action, by this Board upon applicant’s request can neither add to nor detract from any legal rights he may have with respect to his case. On the other hand this Board is not required to afford equitable relief if relief be merited when such relief is forfeited by the deliberate acts of the applicant.
Thus, it can readily be seen that the correction Board did give consideration to plantiff’s reasons for believing that he should be reinstated. However, as stated by this court in Peterson v. United States, 155 Ct. Cl. 159, 163, 292 F. 2d 892:
* * * Apparently they were not compelling to the Board, and it seems to us that this in itself refutes the plaintiff’s claim that the Board’s action was arbitrary, capricious, or unlawful.
*188 In taking action denying plaintiff’s application, the Secretary of the Air Force was acting under a statute which says that a Secretary may correct a record when he considers it necessary to correct an error or to remove an injustice. 10 U.S.C. § 1552(a) (1952 Ed.) Under this statute the Secretary was vested with discretionary powers to take action when he considered it necessary. We cannot say that this discretion was abused and, consequently, the action of the Correction Board in denying plaintiff’s application and the Secretary’s approval of this action was not arbitrary, capricious or unlawful.
For the foregoing reasons, plaintiff’s motion for summary judgment is denied, and defendant’s cross-motion is granted. Plaintiff’s petition will be dismissed.*
It is so ordered.
Reed, Justice {Bet.), sitting by designation; Durfee, Judge, and Jones, OMef Judge, concur.

 Plaintiff's petition for a writ of certiorari was granted November 13, 1962, 3T1 U.S. 900. On March 19, 1963, the Supreme Court dismissed the petition for certiorari on stipulation of the parties, 372 U.S. 950. Thereafter, the case came before this court again on joint motion of plaintiff and defendant to have the case reopened and vacate the court’s previous order dismissing the petition. The parties stipulated that plaintiff should have judgment against defendant for $8,000, and on May 10, 1963, the court issued an order vacating and setting aside its judgment of dismissal and reopening the case and reinstating it on the docket. The court further ordered that judgment be entered for plaintiff for $8,000.