James Edward DAVIS, Petitioner-
Appellant,

v.

SECRETARY OF THE ARMY et al.,
Respondents-Appellees.

No. 30946
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 29, 1971.

James Edward Davis, pro se.

John W. Stokes, Jr., U. S. Atty., Richard H. Still, Jr., Allen I. Hirsch, Asst. U. S. Attys., Atlanta, Ga., for respondents-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying appellant's challenge to the validity of his discharge and request for a three-judge district court to determine the constitutionality of the Army Regulations under which he was discharged. We affirm for the reasons expressed by District Judge Albert J. Henderson, Jr., in his opinion below, a copy of which is appended hereto.

Affirmed.

APPENDIX

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES EDWARD DAVIS

CIVIL ACTION

versus      No. 13579

SECRETARY OF THE ARMY, et al

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

818

### ORDER

Petitioner, a federal prisoner seeks to challenge the validity of his March 24, 1953, discharge, pursuant to Section IV, AR615–366. He asks the court to convene a three-judge federal court to hear and determine the constitutionality of the above section of the Army Regulations, to order his reinstatement in the Army at his former rank and have all back pay and veterans' benefits restored. In order to determine whether a substantial question was presented, the court by order dated March 11, 1970, directed respondents to show cause, which response has been received by the court and traversed by the petitioner. For the reasons stated below, the court hereby denies the petition.

■ On the question of whether a three-judge federal court, under 28 U.S.C. §§ 2282 and 2284, is required by the allegations in the petition, the court holds that a three-judge court would not be properly constituted to decide the constitutionality of an administrative regulation.

Contrary to petitioner's contention, the Act of Congress, which empowers the Secretary of each military branch to establish procedures whereby members of that branch are dismissed, is not challenged by the petition. 10 U.S.C. § 3811 (b) (1) (now 10 U.S.C. § 1169) and 10 U.S.C. § 3012(g). Instead, petitioner contends that the Regulations adopted by the Secretary of the Army do not afford him the due process rights to which he is entitled. As such, it would be improper to impanel a three-judge district court to consider the constitutionality of Army Regulation 615–366, dated October 26, 1949, and, therefore, the court denies this request forthwith. Sardino v. Federal Reserve Bank of New York, 361 F.2d 106 (2nd Cir. 1966), cert. denied, 385 U.S. 898, 87 S.Ct. 203, 17 L.Ed.2d 130 (1966); William Jameson & Co. v. Morgenthau, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189 (1939).

The issue of whether a due process violation exists is hereby discussed on the basis of the merits presented by the petition and the government's response.

It appears from the facts presented that petitioner was Undesirably Discharged on March 24, 1953, by the Commanding General, at Fort Bliss, Texas, by reason of his conviction (plea of guilty to interstate transportation of a stolen motor vehicle) in the United States District Court for the Northern District of Alabama. At the time the crime was committed petitioner had absented himself from Fort Bliss without proper authority, and, therefore, pursuant to Paragraph 15(c), AR615–366, in effect at the time of petitioner's discharge, the Commanding General, United States Army Anti-Aircraft Artillery and Guided Missile Center, Fort Bliss ordered petitioner's discharge.

■ Petitioner contends that he was prejudiced by the actions of the defendants in not according him a hearing, confrontation of witnesses, presentation of mitigating factors, etc. The regulations of most military branches provide for the discharge of an individual convicted by a civil court. The validity of a regulation nearly identical to the one in question was considered in Jackson v. United States, 297 F.2d 939, 156 Ct.Cl. 183, (1962), cert. dism'd., 372 U.S. 950, 83 S.Ct. 947, 9 L.Ed.2d 976, where a serviceman challenged the validity of his discharge after his conviction was reversed on appeal. The Court therein held the regulation calling for the immediate discharge of a convicted serviceman not to be unreasonable or arbitrary and based upon sound general policy for the benefit of the armed services. In *Jackson, supra,* the arguments in favor of striking down the regulation were stronger than presented by petitioner in the case at bar. There still exists here a valid guilty plea in a civil court under which petitioner was convicted and sentenced, unlike Jackson's assertion above. In this case, therefore, automatic discharge in accordance with the regulations then in effect is quite proper.

A comparable situation occurs when a parole violator is reincarcerated following a criminal conviction for another offense. While a parole revocation hearing is usually afforded the prisoner, when the revocation is based upon an independent conviction, no revocation hearing is required. Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567 (1967). Likewise, attorneys and other professionals are often disbarred upon their conviction for certain specified offenses. In short, there is no doubt that petitioner here is guilty of the crime for which he was sentenced, and, consequently, he should not be heard to complain that army regulations automatically discharged him upon notification of said conviction.

For seventeen (17) years petitioner never protested or appealed the army's actions although that avenue of relief was available pursuant to 10 U.S. C. §§ 1552 and 1553. Finally, in February of 1970, petitioner inquired of the Judge Advocate General, Department of the Army, as to the basis for his discharge. This, petitioner asserts, is sufficient exhaustion of administrative remedies to allow him now to seek judicial review. The court does not agree.

It has long been recognized that it is necessary to exhaust one's administrative remedies when contesting a dishonorable or undesirable discharge. Stanford v. United States, 413 F.2d 1048 (5th Cir. 1969); Tuggle v. Brown, 362 F.2d 801 (5th Cir. 1966). Apparently, petitioner has allowed the applicable period in which to contest his discharge to lapse. Congress has permitted review of discharges and dismissals under 10 U.S.C. § 1553 at any time within fifteen (15) years of said date, and a three (3) year period in which to correct one's military records, 10 U.S.C. § 1552. Inasmuch as petitioner has waited for over seventeen (17) years, and has given the court no reasons for this unwarranted delay, the court is not disposed to excuse petitioner's failure to pursue the appropriate administrative remedies when they were available.

In conclusion, petitioner's discharge pursuant to a civil conviction, did not violate his due process right. In addition, petitioner's unexcused delay in challenging the validity of his discharge to the Army Discharge Review Board, 10 U.S. C. § 1553, or the Army Board for Correction of Military Records, 10 U.S.C. § 1552, does not entitle him to the equitable relief he seeks.

Accordingly, the court hereby denies petitioner's request for a three-judge district court, and all other items of relief prayed for in the petition.

So ordered this the 30th day of September, 1970.

Albert J. Henderson, Jr.

(Signed) ALBERT J. HENDERSON, JR.

Judge, United States District Court for the Northern District of Georgia