Charles P. BURNS, Plaintiff-Appellant,

v.

John O. MARSH, Jr., individually and as Secretary of the Army, Defendant-Appellee.

No. 86–2841.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 1987.[*]

Decided June 30, 1987.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Charles P. Burns, San Francisco, Cal., for plaintiff-appellant.

Paul K. Cascio, Washington, D.C., for defendant-appellee.

Before WALLACE, TANG and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Charles P. Burns appeals from the district court's summary judgment in favor of John O. Marsh, Jr., individually and as Secretary of the Army. The district court determined that the Army Board for Correction of Military Records (ABCMR) had not acted arbitrarily or capriciously when it refused, without a hearing, to make changes in Burns' service record, and that its decision was supported by substantial evidence. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## FACTS

Burns was commissioned in the Regular Army following his graduation from the United States Military Academy in June 1961. His Army career continued from that date until October 1975, when he was discharged from the Regular Army after twice being passed over for promotion to major, Regular Army.[1] Thereafter, Burns sought active duty reinstatement on the ground that a 1963 officer evaluation report was erroneous. The report was expunged in 1976, but reinstatement was denied. Burns was eventually restored to active duty, however, in July 1979 and promoted to major, with the promotion retroactive to 1975. He was promoted to lieutenant colonel in 1980. Army selection boards considered Burns for promotion to colonel in 1982, 1983, and 1984 but did not select him, which resulted in his retirement. Burns filed this action on March 27, 1986 to obtain review of the ABCMR's refusal to make requested changes in his military records. He also sought a judgment directing the Army to reverse the decision of the ABCMR and promote him to colonel effective as of the date he would have been promoted if selected by the 1982 Colonel Selection Board.

## DISCUSSION

Burns contends the district court erred in granting the Secretary's motion for summary judgment. He argues that he raised genuine issues of material fact as to whether the ABCMR acted arbitrarily or capriciously in refusing to change his military records, that the refusal to change his records was not supported by substantial evidence, that the ABCMR wrongfully denied him a hearing, and that the district

---

1. Pursuant to 10 U.S.C. § 3303 (repealed by Pub.L. 96–513, Title II, § 204, Dec. 12, 1980, 94 Stat. 2880) an officer twice non-selected for promotion in the Regular Army to the grades of captain, major, or lieutenant colonel was either retired, if eligible, or discharged.

court applied an incorrect standard of review in reviewing the ABCMR's decisions. He also contends that his first amendment right of freedom of association was violated when, he alleges, the Army failed to promote him because he refused to join the United States Army Association.

### A. Denial of a Hearing

■ In considering whether to correct a military record, the ABCMR is not required to hold hearings to satisfy due process. *Flute v. United States*, 535 F.2d 624, 628, 210 Ct.Cl. 34 (1976); *see also Courtney v. Secretary of Air Force*, 267 F.Supp. 305, 311 (C.D.Cal.1967); *cf. Skinner v. United States*, 594 F.2d 824, 828–29, 219 Ct.Cl. 322 (1979). Such hearings are discretionary. 10 U.S.C. § 1552(a); *Flute*, 535 F.2d at 628. Since the decision whether to hold a hearing is a matter of discretion, Burns was required, in opposition to the Secretary's motion for summary judgment, to come forward with facts from which it could be concluded that the ABCMR acted arbitrarily or capriciously in denying him a hearing. *See Flute* at 628–29. He did not do so. Instead, he alleged generally that his military records contained material errors which resulted in probable injustice, the probable injustice being the failure of the Army to promote him to colonel. This was insufficient to show arbitrary or capricious action by the ABCMR in denying a hearing.

### B. The ABCMR Decision Not to Change Burns' Records

■ "The Secretary of a military department ... may correct any military record ... when he considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a). In deciding not to alter Burns' military records, the ABCMR found the changes Burns requested were not necessary to correct an error or remove an injustice. Essentially, the changes Burns wanted to make would have had the effect of removing all unfavorable comments and evaluations from his file and replacing them with favorable documentation proffered by Burns. Burns presented no factual evidence to warrant this action. The

ABCMR concluded that it would be contrary to Army regulations and unfair to other military officers to permit Burns to make the particularized changes to his records which he requested. The ABCMR provided Burns with a comprehensive memorandum of its reasoned decision not to change his military records. The decision of the ABCMR not to change Burns' military records was not arbitrary or capricious nor was its decision unsupported by substantial evidence.

### C. The District Court's Standard of Review

■ A district court reviews an ABCMR decision to determine if it is arbitrary, capricious or unsupported by substantial evidence. *See Chappell v. Wallace*, 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983); *Sanford v. United States*, 399 F.2d 693, 694 (9th Cir.1968). In its review of the ABCMR decision refusing to change Burns' military records, the district court determined Burns had failed to raise a genuine issue of material fact whether the Army's explanation for its actions was arbitrary or capricious. At the hearing on the motion for summary judgment, the district court concluded that the ABCMR's decision was based on substantial evidence. The district court applied the correct standard of review.

### D. Constitutional Claims

■ Burns finally contends that the Army did not promote him because he refused to join the United States Army Association, an allegedly right-wing group. He argues this violated his first amendment right of freedom of association. He offers no facts in support of this conclusory contention, however, and there is no mention of the United States Army Association or his failure to join this organization in his file. The district court did not err in granting summary judgment on this claim. *See Celotex Corp. v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

AFFIRMED.