
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHEN-LI SUNG, M.D., | No.   14-15283 |
| Plaintiff-Appellant, | D.C. No.<br>1:13-cv-00024-JMS-KSC |
| v. | |
| DENNIS D. DOYLE, Brigadier General,<br>in his official capacity as Commander of<br>Tripler Army Medical Center; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Argued and Submitted October 19, 2016
Honolulu, Hawaii

Before:  WALLACE, FARRIS, and WATFORD, Circuit Judges.

Chen-Li Sung appeals from the district court's entry of summary judgment

in the defendants' favor.  We conclude that the decision of the Army Board for

Correction of Military Records (ABCMR) not to change Sung's military records

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

was supported by substantial evidence and was neither arbitrary nor capricious. *See Burns v. Marsh*, 820 F.2d 1108, 1110 (9th Cir. 1987). (Notwithstanding Sung's resignation from the Army, we conclude that his appeal is not moot because he seeks a correction of his military records to show that he had been reinstated into the Army's general surgery residency program prior to his resignation.)

1. Sung has not raised a triable issue as to whether the Army's decision to dismiss him from the residency program relied on impermissible military readiness factors, as opposed to academic ones. The ABCMR determined that Sung's dismissal was based on "his regression as evidenced by his failure to complete assignments and to convincingly show he was competent to practice independently, without supervision as a surgeon." That issue had dominated Sung's dismissal hearing, at which the program director and Sung's probation ombudsman testified that Sung arrived late to his rounds, was delinquent in preparing for his most recent morbidity and mortality conference, and generally did not display consistent competence as a surgeon. Sung himself testified at the hearing to "breaks in discipline" and a failure to complete certain assignments in a timely manner.

To support his claim that the Army's decision instead relied on military readiness factors, Sung identifies the program director's memo relieving him from

duty and isolated testimony by his probation ombudsman. Although the memo mentioned that "deployment is almost certain" and that surgeons must be "ready to perform in any environment," the crux of the memo is the director's determination that Sung lacked "sufficient competence to enter practice without direct supervision." That conclusion is supported in the memo by Sung's own assessment that his performance was adequate only "60% of the time." Likewise, the ombudsman's testimony primarily concerned whether Sung had the competence to be a surgeon, and he discussed deployment only in response to a single question on the subject.

**2.** Nor did Sung raise a triable issue as to whether the Army failed to consider the testimony of the two psychiatrists he called at his dismissal hearing. Each psychiatrist was questioned at length by several members of the dismissal committee, and the ABCMR expressly referred to their testimony in its decision. Moreover, the psychiatrists' testimony did not compel the Army to retain Sung. In fact, Sung's treating psychiatrist repeatedly suggested that Sung's performance issues may have been unrelated to his depression, which is consistent with the Army's decision to dismiss him.

**AFFIRMED.**